

**MISIANO**
**SHULMAN**
**CAPETOLA &**
**KESSLER, LLP**

James F. Misiano

Steven Shulman*

Joseph J. Capetola

Troy L. Kessler

October 12, 2009

**VIA ECF FILING**
Hon. A. Kathleen Tomlinson, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

> **Re:**   **Warnke v. CVS Corporation, et. al.**
> **09CV397 (ADS) (AKT)**

Dear Honorable Madam:

As Your Honor is aware, my office represents the plaintiff in the above referenced matter.

Please accept this correspondence, pursuant to Fed. R. Civ. P. 45, as plaintiff's motion to quash three (3) non-party subpoenas, which defendant's counsel has issued to plaintiff's current employers. As described herein, plaintiff objects to the subpoenas as they seek the production of information that is neither relevant, nor reasonably likely to lead to the production of relevant information.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff commenced this action, alleging that the defendant violated the Age Discrimination in Employment Act and the New York State Human Rights Law, in that he was demoted as a District Manager, due to his age. Additionally, plaintiff's complaint alleges that after he was demoted, he was fired in retaliation for his filing of a Charge of Discrimination with the EEOC. Plaintiff's complaint seeks compensation for *inter alia* economic loss he sustained due to the demotion and subsequent termination.

After his termination, plaintiff became employed with Walgreen Co., d/b/a Walgreen's, Fire Island Water Taxi, Inc. and Sagamore Yacht Club, Inc. It is undisputed that plaintiff remains employed with Walgreen's and Fire Island Water Taxi until today.

The parties have exchanged responses to interrogatories and document demands. As part of those responses, plaintiff has provided defendant with copies of his income tax returns for the tax years 2005 – 2008. Additionally, plaintiff has provided defendant with copies of his 2009 paystub from Walgreen's and from Fire Island Taxi.

On or about October 6, 2009, defendant's counsel served non-party subpoenas duces tecum (copies of which are annexed hereto as Exhibit "1"), on Walgreen Co., d/b/a Walgreen's, Fire Island Water Taxi, Inc. and Sagamore Yacht Club, Inc, seeking the following information regarding the plaintiff:

**Main Office:**

510 Broadhollow Road
Suite 110
Melville, New York 11747

tel: 631.499.9100
fax: 631.499.9120

**Brooklyn Office**
**by appointment only:**

4024 Avenue U
Brooklyn, New York 11234

www.mscklaw.com

*Also admitted in Florida
and Washington, D.C.

M S
C K

Hon. A. Kathleen Tomlinson, U.S.M.J.
Re:  Warnke v. CVS – 09CV0397 (ADS) (AKT)
October 12, 2009
Page 2 of 3

*Any and all documents relating to Robert Warnke's employment with [Walgreen's, Fire Island Water Taxi or Sagamore Yacht Club] including but not limited to his employment application, his resume, his personnel file, payroll records and offer of employment.  Mr. Warnke's social security number is XXX-XX-9570 and his date of birth 2/20/56.*

## PLAINTIFF'S MOTION TO QUASH

It is well settled that employment records are sufficiently personal in nature to confer standing on a plaintiff to move to quash a subpoena issued to a non-party. See Ireh v. Nassau University Medical Center, 2008 WL 4283344, at *3, (E.D.N.Y. 2008) (Tomlinson, J.); and Gambale v. Deutsche Bank AG, 2003 WL 115221 (S.D.N.Y. 2003). Further, it is undisputed that non-party subpoenas are subject to the relevancy standard articulated by Rule 26(b)(1). Ireh, 2008 WL 4283344, at *5 (citing During v. City University of New York, 2006 WL 2192843, at *2 (S.D.N.Y. 2006)).

In light of the fact that plaintiff has already provided defendant's counsel with copies of his tax returns and paystubs, the broad array of documents sought in subpoenas are neither relevant nor reasonably likely to lead to relevant evidence. Fed R. Civ. P. 26(b)(1). The broad language contained in the subpoenas ("any and all documents relating to Robert Warnke . . . including but not limited to his employment application, his resume, his personnel file . . . and offer of employment") seems to indicate that the defendant is seeking documents related to something other than mitigation (which concededly would be relevant). As such, plaintiff requests that this Court quash the non-party subpoenas in question.

Further, should the plaintiff's application be denied on the grounds of relevance, then the plaintiff requests that a protective order be issued to protect the plaintiff from the "annoyance, embarrassment [or] oppression" of having current employers made aware of the instant lawsuit. Fed. R. Civ. P. 26(c)(1). "Because of the direct negative effect that disclosures of disputes with past employers can have on present employment, subpoenas in this context, if warranted at all, should be used as a last resort." Conrod v. Bank of New York, 1998 WL 430546, at *2 (S.D.N.Y. 1998), *vacated pursuant to settlement*. In light of the fact that plaintiff provided the defendant with his tax returns and paystubs, plaintiff requests that this Court quash the subpoenas in question, so that they do not cause further damage to the prospects of his continued employment.

M | S
C | K

Hon. A. Kathleen Tomlinson, U.S.M.J.
Re: Warnke v. CVS – 09CV0397 (ADS) (AKT)
October 12, 2009
Page 3 of 3

It should be noted that counsel for the defendant and myself, have conferred via e-mail and telephone in an effort to resolve this issue. While we could not resolve this issue, counsel indicated that he was going to direct the parties subject to the subpoenas to refrain from responding until Your Honor ruled on this issue.

Thank you for your consideration of this matter.

Respectfully yours,

TROY L. KESSLER (TK-4793)

cc:      Richard M. DeAgazio, Esq.
          c/o Edwards Angell Palmer & Dodge, LLP